UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC.,

    Plaintiff,                           CIVIL ACTION NO. 14-cv-11694

    v.                                  MAGISTRATE JUDGE MONA K. MAJZOUB

MANNECORP, INC., et al.,

    Defendants.
_____/

**<u>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL [43]</u>**

This matter comes before the Court on Plaintiff J & J Sports Productions, Inc.'s Motion to Compel All Defendants to Respond to Plaintiff's First Set of Interrogatories and Requests for Production of Documents and Subsequent Requests to Complete and Clarify Answers to Written Discovery Requests, and to Provide Plaintiff With Initial Disclosures.  (Docket no. 43.) Defendants Mannecorp, Inc., Thomas Moses, and Backstreet at Large, Inc. did not respond to Plaintiff's Motion.  A Joint Statement of Resolved and Unresolved Issues regarding the Motion has been filed.  (Docket no. 45.)   With consent of the parties, this case has been referred to the undersigned for all proceedings in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  (Docket no. 26.)  The Court has reviewed the pleadings, dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and is now ready to rule.

I.    **BACKGROUND**

On April 28, 2014 and May 1, 2015, Plaintiff initiated three separate actions against Defendants, which have since been consolidated into the instant action before this Court, alleging that Defendants violated the Communications Act of 1934 and the Cable Television

Consumer Protection and Competition Act of 1992 and that they committed common-law conversion through the unauthorized display of two televised professional-boxing championship fights. Plaintiff served its First Set of Interrogatories, Requests for Production of Documents, and Requests to Admit Directed to All Defendants on June 4, 2015. (Docket no. 43 ¶ 1; docket no. 43-2.) After receiving two extensions of the time for response, Defendants responded to Plaintiff's discovery requests on September 1, 2015. (Docket no. 43 ¶¶ 2, 4, 6-7; docket no. 43-3.) Plaintiff filed the instant Motion after unsuccessful attempts to resolve its concerns with Defendants' responses to the discovery requests. (Docket no. 43 ¶¶ 11-15; docket no. 43-4; docket no. 43-5.)

In its Motion, Plaintiff asserts that Defendants' responses to its discovery requests are "non-responsive, incomplete or, in some cases, evasive" and that Defendants did not produce documents in response or object to Plaintiff's Requests for Production of Documents. (Docket no. 43 ¶¶ 8-9.) Plaintiff also asserts that Defendants have not yet produced a witness list in accordance with Federal Rule of Civil Procedure 26(a)(1)(A)(i). (*Id.* ¶ 10.) As relief, Plaintiff requests that the Court enter an order (1) compelling Defendants to answer Plaintiff's Interrogatory nos. 1-8 and 20 and provide complete answers to Plaintiff's Interrogatory nos. 9 and 22-24; (2) compelling Defendants to fully and completely respond or object to Plaintiff's Requests for Production of Documents; (3) compelling Defendants to make initial disclosures pursuant to Rule 26(a); and (4) awarding Plaintiff the expenses and attorney fees it incurred in bringing the instant Motion. (*Id.* at 20.) Defendants have not responded to Plaintiff's Motion, and according to the parties' Joint Statement of Resolved and Unresolved Issues, none of the issues presented by Plaintiff has been resolved. (*See* docket no. 45.)

2

**II.     GOVERNING LAW**

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rule 26(a)(1)(A)(i) provides that a party must, without awaiting a discovery request, provide to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). Failure to comply with Rule 26(a) is subject to sanctions under Rule 37(a)(3)(A). Fed. R. Civ. P. 37(a)(3)(A). Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable

expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

## III.  ANALYSIS

Plaintiff contends that Defendants failed to provide initial disclosures under Rule 26(a)(1)(A)(i), provide full and complete responses to Plaintiff's interrogatories, or respond to Plaintiff's requests for production within the allotted time period, and Defendants have not shown otherwise. By not filing any proper objections during the response period, Defendants have waived any objections to the discovery. Because Defendants also did not respond to Plaintiff's Motion, the Motion is unopposed. The Court will therefore grant Plaintiff's Motion to Compel. Defendants have not demonstrated that their nondisclosure was substantially justified or that other circumstances make an award of expenses unjust; accordingly, Rule 37 sanctions are appropriate in this case, and the Court will order Defendants to pay Plaintiff's reasonable expenses and attorney's fees pursuant to Rule 37(a)(5)(A). The Court will also order Plaintiff to submit a Bill of Costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel [43] is **GRANTED** as follows:

  a. Defendants are ordered to provide full and complete answers to Plaintiff's Interrogatory nos. 1-9, 20, and 22-24, without objection, within thirty (30) days of this Opinion and Order;

  b. Defendants are ordered to respond to Plaintiff's Requests for Production of Documents, without objection, within thirty (30) days of this Opinion and Order;

c. Defendants are ordered to make initial disclosures in accordance with Rule 26(a)(1)(A)(i) within thirty (30) days of this Opinion and Order; and

d. Defendants are ordered to pay the reasonable expenses and attorney's fees incurred by Plaintiff as a result of bringing the instant Motion.  Plaintiff is ordered to submit to the Court a Bill of Costs itemizing the same within thirty (30) days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Defendants are liable.

**Defendants' failure to comply with this Order may result in additional sanctions.**

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  April 21, 2016            s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated:  April 21, 2016            s/ Lisa C. Bartlett
                                  Case Manager